UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GRETCHEN BORKOWSKI,**

      **Plaintiff,**

v.                                                Case No.: 8:21-cv-03021

**BAYCARE HEALTH SYSTEM, INC.,** a
Florida Corporation, d/b/a **ST. JOSEPH'S
HOSPITAL - SOUTH**

      **Defendant.**
_____/

## DEFENDANT'S ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BayCare Health System, Inc., d/b/a St. Joseph's Hospital South ("Defendant") answers the Complaint filed by Plaintiff, Gretchen Borkowski ("Plaintiff"), and says as follows:

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff has filed an action pursuant to the Family Medical Leave Act ("FMLA") but denies any alleged wrongdoing, whether expressly pleaded or implied, in paragraph 1 of the Complaint with respect to Plaintiff's underlying allegations.

2. Defendant admits that it employed Plaintiff as a Clinical Nurse II for almost six years. Defendant is without knowledge as to how Plaintiff defines "high

1

performing" as used in paragraph 2 of the Complaint and therefore, denies the remaining allegations as set forth in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that venue is appropriate.[1]

7. Defendant is without knowledge as to the allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant admits that it hired Plaintiff as a Clinical Nurse II in March of 2015. Defendant denies the remaining allegations as set forth in paragraph 8 of the Complaint.

9. Defendant is without knowledge as to the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint. Answering further, Defendant followed and maintained all precautions

---

[1] Notably however, on or about December 30, 2021, Defendant removed this action to the Middle District of Florida pursuant to the grounds set forth in Defendant's Notice of Removal.

required and necessary to ensure the safety of its team members and patients throughout the course of the COVID-19 pandemic based on information and guidance available to it at the time. As such, Defendant denies any assertions whether expressly pleaded or implied herein, alleging that Defendant failed to take all precautions necessary to prevent the transmission of COVID-19.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint. Answering further, Defendant would have required Plaintiff to quarantine pursuant to applicable policies and guidance at the time, if Defendant had knowledge of Plaintiff being exposed to the COVID-19. Defendant followed and maintained all precautions required and necessary to ensure the safety of its team members and patients throughout the course of the COVID-19 pandemic based on information and guidance available to it at the time. As such, Defendant denies any assertions alleging otherwise, whether expressly pleaded or implied herein, that Defendant failed to take all precautions necessary to prevent the transmission of COVID-19.

12. Defendant is without knowledge and therefore, denies the allegations contained in paragraph 12 of the Complaint. Answering further, Defendant followed and maintained all precautions required and necessary to ensure the safety of its team members and patients throughout the course of the COVID-19 pandemic based on information and guidance available to it at the time. As such, Defendant denies any assertions alleging otherwise, whether expressly pleaded or implied herein, that Defendant failed to take all precautions necessary to prevent the transmission of COVID-19.

13. Defendant is without knowledge as to who Plaintiff is specifically referring to when she says, "nurses and employees" and therefore, denies the allegations contained in paragraph 13 of the Complaint. Answering further, Defendant followed and maintained all precautions required and necessary to ensure the safety of its team members and patients throughout the course of the COVID-19 pandemic based on information and guidance available to it at the time. As such, Defendant denies any assertions alleging otherwise, whether expressly pleaded or implied herein, that Defendant failed to take all precautions necessary to prevent the transmission of COVID-19.

14. Defendant is without knowledge as to who Plaintiff had close contact with and when and who Plaintiff is specifically referring to when she says "individuals" pursuant to the allegations contained in paragraph 14 of the Complaint. Defendant denies the remaining allegations, answering further that Defendant would have required Plaintiff to quarantine pursuant to applicable policies and guidance at the time, if Defendant had knowledge of Plaintiff being exposed to the COVID-19. Defendant followed and maintained all precautions required and necessary to ensure the safety of its team members and patients throughout the course of the COVID-19 pandemic based on information and guidance available to it at the time. As such, Defendant denies any assertions alleging otherwise, whether expressly pleaded or implied herein, that Defendant failed to take all precautions necessary to prevent the transmission of COVID-19.

15. Defendant denies that it took a "lackadaisical approach to the protection of

its employees and patients from COVID exposure" as alleged. Defendant is without knowledge as to the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendant is without knowledge as to the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits that it hired New York Life, previously known as "Cigna,"[2] as a third-party administrator of leave pursuant to the FMLA as stated in paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff requested FMLA leave from New York Life due to her husband's health conditions at some point. Defendant is without knowledge as to the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant is without knowledge as to the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint. To the extent Plaintiff alleges that Ms. George denied Plaintiff a request to take protected leave pursuant to the FMLA or any other applicable law, rule or regulation, Defendant denies any such assertion, whether expressly pleaded or implied in paragraph 20 of the Complaint, as Ms. George does not have authority to deny or approve such leave.

---

[2] Effective on or about December 8, 2021, "Cigna" rebranded itself as New York Life.

21. Defendant admits that New York Life approved Plaintiff's request for FMLA leave. Defendant is without knowledge as to the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant admits that Defendant's Team Resources Department ("TR") called Plaintiff in May 2020 based on information received that cast significant doubt on Plaintiff's stated reasons for her FMLA leave. Defendant denies any alleged wrongdoing, whether expressly pleaded or implied, in paragraph 22 of the Complaint.

23. Defendant admits that TR mistakenly advised Plaintiff that they had a picture of Plaintiff's husband on a jet ski. Answering further, Plaintiff hung up on TR before TR could correct this statement and advise that the picture is of Plaintiff's husband *by* a jet ski. Defendant denies the allegations set forth in paragraph 23 to the extent they suggest or expressly state that Defendant did not receive or possess information that cast significant doubt on Plaintiff's stated reasons for her FMLA.

24. Defendant admits that it does not specifically have a picture of Plaintiff's husband *on* a jet ski. Answering further, Defendant denies the allegations set forth in paragraph 24 to the extent they suggest or expressly state that Defendant did not receive or possess information that cast significant doubt on Plaintiff's stated reasons for her FMLA.

25. Defendant is without knowledge as to the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff voiced her displeasure with Defendant's characterization of the photograph of her husband at issue. Defendant denies the

6

remaining allegations contained in paragraph 26 of the Complaint and further denies any alleged wrongdoing, whether expressly pleaded or implied, in paragraph 26 of the Complaint.

27. Defendant admits that New York Life approved Plaintiff's subsequent FMLA leave requests until it exhausted. Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff requested a transfer away from her manager Jennie George. Defendant denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendant admits that Philip Minden replied that he would make TR aware of Plaintiff's request. Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant admits that Mr. Minden made Team Resources aware of Plaintiff's request. Defendant is without knowledge as to the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits that Defendant issued Plaintiff a Final Written Warning on July 9, 2020—the reasons for which are detailed therein and speak for themselves. Defendant denies the allegations contained in paragraph 32 to the extent they mischaracterize and/or misstate the contents of and basis for issuance of the Final Written Warning. Defendant additionally denies that an individual named "Megan"

was present for and/or issued the Final Written Warning. Defendant further denies any alleged wrongdoing, whether expressly pleaded or implied, in paragraph 32 of the Complaint.

33. Defendant admits that Defendant issued Plaintiff a Final Written Warning on July 9, 2020—the consequences for which are detailed therein and speak for themselves. Answering further, Defendant denies the allegations set forth in paragraph 33 of the complaint to the extent they imply or expressly state that a causal connection exists between any alleged request by Plaintiff to transfer and Defendant's decision to issue the Final Written Warning. Defendant is without knowledge as to the remaining allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits that on or about February 10, 2021, witnesses reported that a hospice worker approached Plaintiff and that Plaintiff responded to the hospice worker in a rude and unprofessional manner. Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendant admits that the hospice worker was so upset following the February 10, 2021, interaction with Plaintiff that she went to the bathroom and cried. Defendant is without knowledge as to the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint.

38. Defendant admits that Ms. George met with Plaintiff on or about February 10, 2021, to discuss what occurred and the allegations against her. Defendant further admits that Plaintiff was suspended with the ability to utilize any available Paid Time Off ("PTO") for the duration of the investigation into the incident. Defendant is without knowledge as to the remaining allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff inquired as to the nature of the meeting. Defendant denies the remaining allegations contained in paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in paragraph 43 of the Complaint.

### Count I – FMLA Violation – Interference

44. Defendant repeats and reasserts its responses to the preceding paragraphs as though fully stated herein.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint. Answering further, it is unknown who "Ms. Avila" is as this individual does not appear to be a party to this action. Defendant additionally denies that Plaintiff is entitled to the relief requested pursuant to the wherefore clause following paragraph 50 of the Complaint.

## Count Two – FMLA Violation – Retaliation

51. Defendant repeats and reasserts its responses to the preceding paragraphs as though fully stated herein.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint. Answering further, it is unknown who "Ms. Avila" is as this individual does not appear to be a party to this action. Defendant additionally denies that Plaintiff is entitled to the relief requested pursuant to the wherefore clause following paragraph 58 of the Complaint.

## **DEFENSES**

59. As to the first defense, Defendant would state that Plaintiff is not entitled to relief to the extent her claims are barred by the applicable statute of limitations.

60. As to the second defense, Defendant would state that any amount Plaintiff claims due based upon lost wages and any other employment benefits must be mitigated and reduced by the amount of wages and benefits that Plaintiff earned, or through the exercise of reasonable diligence could have earned, during the period for which Plaintiff seeks lost wages.

61. As to the third defense, Defendant would state that Plaintiff is not entitled to "any further relief that the court deems just and proper" to the extent that such relief is beyond the bounds of damages awardable under the Family Medical Leave Act

("FMLA").

62. As to the fourth defense, Defendant would state that Plaintiff is not entitled to prejudgment interest to the extent that Plaintiff's damages are unliquidated.

63. As to the fifth defense, Defendant would state that Plaintiff fails to state causes of action for retaliation interference because Defendant terminated Plaintiff for legitimate, nondiscriminatory, and nonretaliatory reasons.

64. As to the sixth defense, Defendant would state that, if awarded, Plaintiff is not entitled to reinstatement or front pay to the extent that the discovery of after-acquired evidence would have justified termination of Plaintiff's employment.

65. As to the seventh defense, Defendant would state that, if awarded, Plaintiff is not entitled to back wages following the date of any discovery of after-acquired evidence that would have justified termination of Plaintiff's employment.

66. As to the eighth defense, Defendant would state that Plaintiff's FMLA claim must fail to the extent Plaintiff failed to provide proper and/or adequate notice that leave was taken for an FMLA-qualifying reason. *See* 29 C.F.R. § 825.304.

67. As to the ninth defense, Defendant would state that Defendant would have made the same decision with respect to Plaintiff's employment regardless of Plaintiff's request pursuant to the FMLA.

Respectfully submitted this <u>6th</u> day of January, 2022.

/s/Erin G. Jackson
Erin G. Jackson, Esquire
Florida Bar No.: 413097
Ashley T. Gallagher, Esquire

Florida Bar No.:  0125141  
Johnson Jackson PLLC  
100 N. Tampa Street, Suite 2310  
Tampa, FL 33602  
Telephone: (813) 580 – 8400  
Facsimile: (813) 580 - 8407  
E-mail: ejackson@johnsonjackson.com  
agallagher@johnsonjackson.com  
Attorneys for the Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed via CM/ECF on this <u>6th</u> day of January, 2022, which will send a notice of electronic filing to the following:

Robert S. Jones, II  
Heath C. Murphy  
Valerie F. Gatlin  
John A. Marvin  
5622 Central Avenue  
St. Petersburg, FL 33707  
distribution@JLGtampabay.com  
Attorneys for Plaintiff

/s/ Erin G. Jackson  
Attorney

13